Burlington Ins. Co. v New York Constr. & Renovation, Inc. (2022 NY Slip Op 06742)

 Burlington Ins. Co. v New York Constr. & Renovation, Inc.

2022 NY Slip Op 06742

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 650890/21 Appeal No. 16739 Case No. 2021-03170 

[*1]The Burlington Insurance Company, Plaintiff-Appellant,
v
New York Construction & Renovation, Inc., et al., Defendants. Century Surety Company, Defendant-Respondent.

Adrian & Associates, LLC, New York (Anna Karin F. Manalaysay of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Craig L. Rokuson of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J), entered July 27, 2021, which granted defendant Century Surety Company's motion to dismiss the complaint as against it, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated as against Century.
Plaintiff Burlington Insurance Company commenced this declaratory judgment action to determine insurance coverage available in two underlying actions involving damage sustained by property owned by defendant DAJ Realty, LLC as a result of construction work performed by defendant New York Construction & Renovation Inc. (NYC&R) during an unspecified period. Burlington provided primary coverage to NYC&R for the periods February 2013 to 2014 and February 2014 to 2015; Century provided an excess policy that was to be triggered by exhaustion of "controlling underlying insurance," defined in the Century policy as the 2013-2014 Burlington policy.
Insofar as relevant to this appeal, Burlington seeks a declaration that it has no duty to defend or indemnify NYC&R under its two policies because the Century policy will be triggered before one or more of the Burlington Policies are triggered. For its part, Century argues that its policy is triggered only after all other insurance is exhausted, including both Burlington policies. Century also contends that coverage will be allocated on a pro rata basis among available policies, resulting in all primary policies being exhausted before Century's policy is reached.
Burlington's allegation in the complaint that the Century Policy will be triggered before one or more of the Burlington Policies are triggered is incorrect, as the Century policy is an excess policy. However, Century's contention in support of its motion that the Century policy is excess to both Burlington policies is also incorrect. The insuring agreement of the Century policy states that Century "will pay on behalf of the insured the 'ultimate net loss' in excess of the retained limit,'" which in turn is defined as "the available limits of 'controlling underlying insurance' applicable to the claim" — that is, the 2013-2014 Burlington policy. In light of the language in Century's excess policy "tying [its] attachment only to [a] specific underlying [policy] in effect during the same policy period as the applicable excess policy, and the absence of any policy language suggesting a contrary intent," the Century policy is triggered by exhaustion of the underlying available coverage within the same policy period (Matter of Viking Pump, Inc., 27 NY3d 244, 266-267 [2016]) — namely, the 2013-2014 Burlington policy.
To the extent Century relies on the "other insurance" clause in its policy, that clause applies when "other valid insurance, whether collectible or not, is available to the insured for a loss we cover," and Century's policy covers property damage "during the policy period." "Other insurance" clauses generally "apply when two or more policies provide [*2]coverage during the same period" and "have nothing to do with whether any coverage potentially exists at all among certain high-level policies that were in force during successive years" (id. at 266 [internal quotation marks and brackets omitted]).
Moreover, Century has not presented documentary evidence supporting its contention regarding pro rata coverage. This dispute involves property damage caused during a relatively short-term construction project conducted during an unspecified period. In contrast, the cases relied upon by Century involved "long-tail" claims, such as a claim for the cost of remediation of contaminated land, in which "the injury-producing harm is gradual and continuous and typically spans multiple insurance policy periods" (Keyspan Gas E. Corp. v Munich Reins. Am., Inc., 31 NY3d 51, 58 [2018]; see Matter of Viking Pump, 27 NY3d at 251; Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 223 [2002]). In such cases, the nature of the injury presents an "inherent difficulty" in "tying specific injuries to particular policy periods" such that a pro rata allocation method is warranted (Viking Pump, 27 NY2d at 258). Century has not established that the underlying property damage actions in this case will present similar
difficulties in connecting specific damage caused by the construction project to particular policy periods.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022